FILED

2003 DEC 31 P 2

UNITED STATES DISTRICT COURT DISTRICT COURT
HARTFORD, CT.

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALYSSA A. WRIGHT : | |
| VS. : | |
| : | NO. 3:02CV1398(AWT) |
| PATRIC DelCIOPPO, : | |
| IRENE D. TUREK, : | |
| THOMAS M. SMYTH, JR. and : | |
| WOLCOTT BOARD OF EDUCATION : | DECEMBER 30, 2003 |

## BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

This is a civil rights action by a former high school student, alleging the violation of her Fourteenth Amendment right to equal protection of the laws. She contends that she suffered disparate treatment when she reacted to a pattern of race-based harassment by a fellow student of another race. The defendants, claiming that they treated the two students the same, have moved for summary judgment. This motion must be denied for two reasons: first, it is untimely; second, it is without merit.

The instant motion was filed two weeks after expiration of the court's deadline for filing summary judgment motions. No motion to extend that deadline ever has been filed. Since the motion is untimely, it should be denied for this procedural default.

The motion also lacks merit. While both students did receive identical punishments, the point of the litigation is that these identical punishments were imposed for dramatically different behavior. While the other student had been engaging in a pattern of racial taunts which led ultimately to a physical assault, the

plaintiff's only improper conduct was to utter a single racial epithet as she was getting off the floor after having been knocked down by the other student. These facts were known to the defendants at the time they elected to impose identical discipline upon the two students.

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its

right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered

by the moving party. So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 120 S. Ct. 1073, 1074-75 (2000). Citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 340, 352 (1918). Expressly endorsing the concept of equal protection for the so-called "class of one" and emphatically rejecting any idea that motivation is relevant to the equal protection analysis, the court articulated the standard: "Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 120 S. Ct. at 1074. Citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989). All that a plaintiff need prove is (1) disparate treatment and (2) lack of a rational basis for the disparity. A plaintiff must only "allege[] that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 528 U.S. at 564.

"Before Olech, the Second Circuit permitted selective enforcement claims based on a 'class of one' if the plaintiff could 'show both (1) that [he was] treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish

the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Russo v. City of Hartford, 184 F. Supp. 2d 169, 190 (D. Conn. 2002) (Hall, J.), citing Harlen Associates v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). "In Harlen, the Court of Appeals assumed without holding that a plaintiff who establishes differential treatment could state an equal protection claim by showing 'either that there was no rational basis for the unequal treatment received, or that the [unequal treatment] was motivated by animus." Ibid., quoting Harlen, supra, at 500. Cf., Barstow v. Shea, 196 F. Supp. 2d 141, 148 (D. Conn. 2002) (Arterton, J.); Oneto v. Town of Hamden, 169 F. Supp. 2d 72, 80-81 (D. Conn. 2001) (Arterton, J.); Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001); Carpenteria Valley Farms, Ltd. v. County of Santa Barbara, 334 F.3d 796, 802 (9th Cir. 2003).

In this case, the obvious difference between the plaintiff and the comparator is race. The defendants acted intentionally, that is, they consciously and deliberately chose to impose identical discipline upon each of the two students. They did this with full knowledge that their conduct was dramatically different, that the plaintiff was the victim and that the other student was the perpetrator. Their attempt to state a legitimate nondiscriminatory reason for their conduct fails. They claim that punishment for conduct like the plaintiff's was mandatory. This comment entirely misses the point that there is no rule which supports giving identical punishment for much more egregious conduct. If a one-day suspension is the appropriate discipline for a pattern of racial

taunting and physical assault, then a one-day suspension for uttering a single racial epithet upon being assaulted clearly is excessive.

"Proof that the defendant's explanation is unworthy of credence is...one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive....In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the [defendant] is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 108 (2000), quoting Wright v. West, 505 U.S. 277, 296 (1992). "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proferred reasons will permit...the trier of fact to infer the ultimate fact of intentional discrimination...[and] no additional proof of discrimination is required." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). "[O]nly occasionally will a *prima facie* case plus pretext fall short of the burden a plaintiff carries to reach a jury on the ultimate question of discrimination...." Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 94 (2d Cir. 2001). The falsity of the defendant's asserted legitimate nondiscriminatory reasons for its actions may be inferred from circumstantial evidence. See Robertson v. Sikorsky Aircraft Corp., 258 F. Supp. 2d 33 (D. Conn. 2003) (Goettel, J.).

The motion for summary judgment must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Joseph M. Musco, Esq., 9 Washington Avenue, Suite 3-A, Hamden, CT 06518.

JOHN R. WILLIAMS