

FILED

2005 MAR 30 A 11: 27

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALYSSA A. WRIGHT<br>Plaintiff | : | CIVIL ACTION 3:02CV1398 AWT |
| V. | : | |
| PATRIC DELCIOPPO,<br>IRENE D. TUREK,<br>THOMAS M. SMYTH, JR. AND<br>WOLCOTT BOARD OF EDUCATION<br>Defendants | : | March 28, 2005 |

## ANSWER AND SPECIAL DEFENSES TO AMENDED COMPLAINT DATED 3/19/05

1.  That portion of paragraph 1 which states "This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut" the defendants are without information or knowledge sufficient to form a belief and leave the plaintiff to her proof. The remainder of said paragraph is denied.

2.  The Defendants state they are without knowledge sufficient upon which to form a belief as to the allegations of paragraphs 2 and 9 and leave the plaintiff to her proof.

3.  The defendants admit the allegations in paragraph 3, 5, 6 and 7.

4.  That portion of paragraph 4 which states "but all are sued in their individual capacity" the defendants are without information or knowledge sufficient to form a belief and leave the plaintiff to her proof. The remainder of said paragraph is admitted

N:\LIABILITY\Commercial Line Cases - Open\888011 Wright v. Wolcott\Pleadings\USANSW.DOC

5. As to paragraph 8, that portion which states, "but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of" is denied. As to the remaining allegations of said paragraph, the defendants are without information or knowledge sufficient to form a belief and leave the plaintiff to her proof.

6. The Defendants deny the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24.

## FIRST SPECIAL DEFENSE

At all relevant times, the defendants exercised good faith judgment and discretion in the course of carrying out the governmental function of providing education services and are therefore entitled to qualified governmental immunity.

## SECOND SPECIAL DEFENSE

The defendants at all relevant times treated plaintiff consistent with similarly situated students.

## THIRD SPECIAL DEFENSE

The defendants were, at all relevant times, motivated by legitimate, indiscriminatory educational goals and for no other reasons.

## FOURTH SPECIAL DEFENSE

The plaintiff has failed a cognizable claim for common law infliction of emotional distress.

### FIFTH SPECIAL DEFENSE

The defendants are entitled to qualified immunity in that objectively reasonable educational employees, under the attendant circumstances, would not consider their alleged actions or failures to act to be in violation of any constitutional right of the plaintiff.

DEFENDANTS, Patric DelCioppo, Irene D. Turek, Thomas M. Smyth, Jr. & Wolcott Board of Education

By_____/s/ Jeffrey Schwartz_____
Jeffrey G. Schwartz
LAW OFFICES OF SCOTT B. CLENDANIEL
P.O. Box 2138
Hartford, CT 06145-2138
860-277-7480
Federal Bar: CT 00534

### CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on 3/28/05 to:

John R. Williams, Esq.
50 Elm Street
New Haven, CT 06510

_____/s/ Jeffrey Schwartz_____
Jeffrey G. Schwartz

3