UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALYSSA A. WRIGHT | : | |
| | : | |
| VS. | : | |
| | : | NO. 3:02CV1398(AWT) |
| PATRIC DelCIOPPO, | : | |
| IRENE D. TUREK, | : | |
| THOMAS M. SMYTH, JR. and | : | |
| WOLCOTT BOARD OF EDUCATION | : | FEBRUARY 5, 2006 |

## SUPPLEMENTARY BRIEF IN OPPOSITION TO RENEWED MOTION FOR SUMMARY JUDGMENT

On August 12, 2005, this court granted the defendants permission to file a Renewed Motion for Summary Judgment. The defendants had filed what they called an "Amended Motion for Summary Judgment" which the court returned to them because it was not in proper form and was not accompanied by a Statement of Material Facts in compliance with Local Rule 56(a). The plaintiff, meanwhile, filed a Brief in Opposition to the Amended Motion and a Local Rule 56 Statement. The defendants thereafter elected not to pursue their motion.

On January 10, 2006, this court issued a Trial Memorandum Order. More than a week later, on January 18, 2006, the defendants filed a Renewed Motion for Summary Judgment which, except for the change of a word in the title, is the Amended Motion of August, 2005. This time, they filed with it what they call a Local Rule 56(a)(1)

Statement which, however, fails to comply with the requirements of that Local Rule in that it sets forth a narrative of alleged facts not broken down into separately numbered paragraphs and thus not in a form to which the plaintiff can respond.  The plaintiff has moved to strike that document.

More to the point, the entire Renewed Motion for Summary Judgment should be denied summarily.  It is grossly untimely and constitutes a bald attempt to further postpone the trial of an action which has been pending now for almost four years. Moreover, the motion, which has been filed almost five (5) months after the plaintiff filed her response to it, ignores certain basics of law that were pointed out to defense counsel in the plaintiff's August, 2005, brief:

1.  Qualified immunity, which is the sole ground of the motion, does not protect governmental entities like the Wolcott Board of Education.  Owen v. City of Independence, 445 U.S. 622 (1980); Ford v. Reynolds, 316 F.3d 351, 356 (2nd Cir. 2003).

2.  The court cannot grant a motion for summary judgment when the relevant and material evidence is in dispute.  Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993).  Here, the defendants ignore the plaintiff's complaint to the Wolcott Police Department and many assertions in the defendant DelCioppo's affidavit which they

2

themselves have submitted to the court.

Accordingly, this motion should be denied out of hand.

This is a civil rights action by a former high school student, alleging the violation

of her Fourteenth Amendment right to equal protection of the laws.  She contends that

she suffered disparate treatment when she reacted to a pattern of race-based

harassment by a fellow student of another race.  The defendants[1], claiming that they

treated the two students the same, have filed an amended motion for summary

judgment in which they assert the affirmative defense[2] of qualified immunity, contending

that they did not know, when they disciplined the plaintiff for the use of a single racial

epithet, that the African-American student given the same punishment had not only

used a racial epithet against the plaintiff but in fact had physically assaulted the plaintiff.

"The standards governing summary judgment are well-settled.  Summary

judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories,

---

[1]

This motion cannot be considered with regard to the defendant Wolcott Board of
Education because government entities are not entitled to qualified immunity
Qualified immunity does not protect municipalities or officials sued in their official
capacities.  It protects only individuals.  Owen v. City of Independence, 445 U.S.
622 (1980); Ford v. Reynolds, 316 F.3d 351, 356 (2nd Cir. 2003); Ruffino v.
Sheahan, 218 F.3d 697 (7th Cir. 2000).

[2]

The burden of pleading and proving a qualified immunity defense rests squarely
and exclusively upon the defendant.  Gomez v. Toledo, 446 U.S. 635, 640
(1980); Harlow v. Fitzgerald, 457 U.S. 800 at 815 (1982); Schechter v. Comp-
troller of the City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Black v. Cough-
lin, 76 F.3d 72, 75 (2d Cir. 1996); Castro v. United States, 34 F.3d 106, 111 (2d
Cir. 1994).

and admissions on file, together with the affidavits..., show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law.'  Fed. R. Civ. P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317,

322-23 (1986).  The party seeking summary judgment has the burden to demonstrate

that no genuine issue of material fact exists.

      "In determining whether a genuine issue of material fact exists, a court must

examine the evidence in the light most favorable to, and draw all inferences in favor of,

the non-movant....Summary judgment is improper if there is any evidence in the record

that could reasonably support a jury's verdict for the non-moving party."  Marvel

Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

      When the moving party "'fail[s] to fulfill its initial burden' of providing admissible

evidence of the material facts entitling it to summary judgment, summary judgment

must be denied, 'even if no opposing evidentiary matter is presented,' for the non-

movant is not required to rebut an insufficient showing."  Giannullo v. City of New York,

322 F.3d 139, 140-41 (2nd Cir. 2003), *quoting* Adickes v. S.H. Kress & Co., 398 U.S.

144, 158, 160 (1970).  "[T]he moving party bears the ultimate burden of establishing its

right to summary judgment as a matter of law even when it does not have the ultimate

burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976,

982 (10th Cir. 2003).

      When passing upon a motion for summary judgment, the court may not resolve

factual disputes or make credibility determinations, even if the case is one which

eventually will be tried without a jury.  In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996).  Rather, the court must resolve any ambiguities and draw all inferences against the moving party.  Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991).  The evidence of the party against whom summary judgment is sought must be believed.  Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994).  The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."  Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party.  So long as the opponent has offered enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied.  In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

"A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him is not prohibited by federal law...; or (2) where that conduct is so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct...; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that

were clearly established at the time it was taken." O'Bert ex rel. Estate of O'Bert v.

Vargo, 331 F.3d 29, 36 (2nd Cir. 2003) (citations, quotation marks and ellipses omitted).

"The qualified immunity defense may be upheld as a matter of law when the

evidenced is such that, even when it is viewed in the light most favorable to the plaintiffs

and with all reasonable inferences drawn in their favor, no rational jury could fail to

conclude that it was objectively reasonable for the defendant to believe that she was

acting in a fashion that did not violate such a right." Gottlieb v. County of Orange, 84

F.3d 511, 518 (2nd Cir. 1996); Barstow v. Shea, 196 F. Supp. 2d 141, 149 (D. Conn.

2002).

The Equal Protection Clause of the Fourteenth Amendment, upon which this

action is based, can be violated in various ways.  One such way is disparate treatment

of similarly-situated individuals on the basis of race.   An equal protection violation

always is present when "such selective treatment was based on impermissible consid-

erations such as race...." LeClaire v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980).

In this case, the obvious difference between the plaintiff and the comparator is

race.  The defendants acted intentionally, that is, they consciously and deliberately

chose to impose identical discipline upon each of the two students.  They did this with

full knowledge that their conduct was dramatically different, that the plaintiff was the

victim and that the other student was the perpetrator.  Their attempt to state a legitimate

nondiscriminatory reason for their conduct fails.  They claim that they did not know that

the African-American student had physically assaulted the plaintiff.   The evidence

7

before the court, however, is sufficient to permit a jury to conclude that the plaintiff told

them prior to the imposition of discipline.  Thus, there is a genuine dispute regarding a

material fact at issue.

"Proof that the defendant's explanation is unworthy of credence is...one form of

circumstantial evidence that is probative of intentional discrimination, and it may be

quite persuasive....In appropriate circumstances, the trier of fact can reasonably infer

from the falsity of the explanation that the [defendant] is dissembling to cover up a

discriminatory purpose.  Such an inference is consistent with the general principle of

evidence law that the factfinder is entitled to consider a party's dishonesty about a

material fact as 'affirmative evidence of guilt.'"  Reeves v. Sanderson Plumbing

Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 108 (2000), quoting Wright v. West, 505

U.S. 277, 296 (1992).  "The factfinder's disbelief of the reasons put forward by the

defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may,

together with the elements of the prima facie case, suffice to show intentional

discrimination.  Thus, rejection of the defendant's proferred reasons will permit...the trier

of fact to infer the ultimate fact of intentional discrimination...[and] no additional proof of

discrimination is required."  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993).

"[O]nly occasionally will a *prima facie* case plus pretext fall short of the burden a plaintiff

carries to reach a jury on the ultimate question of discrimination...."  Slattery v. Swiss

Reinsurance America Corp., 248 F.3d 87, 94 (2d Cir. 2001).  The falsity of the

defendant's asserted legitimate nondiscriminatory reasons for its actions may be

8

inferred from circumstantial evidence.  See <u>Robertson v. Sikorsky Aircraft Corp.</u>, 258 F.

Supp. 2d 33 (D. Conn. 2003) (Goettel, J.).

The motion for summary judgment must be denied.


Respectfully submitted:


_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX:  203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney




<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy hereof was mailed to Attorney Jeffrey G. Schwartz,
Law Offices of Scott B. Clendaniel, P. O. Box 2138, Hartford, CT 06145-2138.



_____
JOHN R. WILLIAMS