UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALYSSA A. WRIGHT | | |
|     Plaintiff | : | CIVIL ACTION 3:02CV1398 AWT |
| V. | : | |
| PATRIC DELCIOPPO,<br>IRENE D. TUREK,<br>THOMAS M. SMYTH, JR. AND<br>WOLCOTT BOARD OF EDUCATION | | |
|     Defendants | : | February 13, 2006 |

REPLY MEMORANDUM IN SUPPORT OF
AMENDED MOTION FOR SUMMARY JUDGMENT

      Plaintiff claims in her Brief of February 5, 2006 that she cannot, or had difficulty filing a Statement of Facts, because the undersigned defendants' Statement of Facts did not contain numbered paragraphs.  Consequently, an Amended Statement, with numbered paragraphs is filed herewith.

      Plaintiff also contends that the Motion for Summary Judgment cannot be considered as to the Wolcott Board of Education, because "government entities are not entitled to qualified immunity".  Plaintiff cites three cases, at footnote 1, none of which involve a claim against a Board of Education.  However, the plaintiff has not provided any evidence that the Board was involved in the alleged wrongdoing by school personnel.  Nor is their any evidence that the harm to the plaintiff was caused by a pattern, policy or practice of encouraging or approving allegedly unequal treatment.

In Barmore v. Aidala et al 2005 WL 2154306 (N.D.N.Y.), copy attached, a black high school student claimed that his suspension, while technically appropriate, constituted unequal treatment on the basis of race. He had been taunted, threatened and called a "nigger," in the time leading up to a physical altercation. He claimed that white students were treated more favorably in terms of discipline. The President of the Board of Education was found not to have personally engaged in any conduct that caused harm to the plaintiff. As indicated by the Barmore decision, the only recognized basis of liability against the Board of Education, as an agent of the municipality, is under the standard set forth in Monell v Dept of Social Services, 436 U.S. 656. (1978)

In Monell, it was held that the plaintiff, in suing the City of New York's Department of Social Services and Board of Education could maintain such a claim if she could prove a custom of discriminatory practice by that entity. There is no evidence submitted in the instant case, demonstrating that there was any policy, custom or practice by the Board of Education of Wolcott which led to the alleged unequal treatment including, but not limited to, "equal treatment of disparate conduct."

DEFENDANTS, Patric DelCioppo, Irene D. Turek, Thomas M. Smyth, Jr. & Wolcott Board of Education

By_____
Jeffrey G. Schwartz
LAW OFFICES OF SCOTT B. CLENDANIEL
P.O. Box 2138
Hartford, CT  06145-2138
860-277-7480
Federal Bar:  CT 00534

### CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on 2/13/06 to:

John R. Williams, Esq.
50 Elm Street
New Haven, CT  06510

_____
Jeffrey G. Schwartz