UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALYSSA A. WRIGHT | | |
| Plaintiff | : | CIVIL ACTION 3:02CV1398 AWT |
| V. | : | |
| PATRIC DELCIOPPO, IRENE D. TUREK, THOMAS M. SMYTH, JR. AND WOLCOTT BOARD OF EDUCATION | | |
| Defendants | : | February 13, 2006 |

### AMENDED LOCAL RULE 56(a)(1) STATEMENT OF UNCONTROVERTED FACTS

1. On 3/27/02, the plaintiff, a student at Wolcott High School, uttered a racial epithet (insult) directed toward another student (see deposition of William Tully Haywood, pp. 7-8, attached as Exhibit B; and Affidavit of Patric DelCioppo, attached as Exhibit A).

2. At no time prior to 3/27/02 did the plaintiff bring to the attention of any of the defendants any claim of harassment against her. (See Affidavit of Patric DelCioppo, attached as Exhibit A). At all times subsequent to 3/27/02, the defendants investigated any complaints by plaintiff of harassment and took action where deemed appropriate. (See Affidavit of Patric DelCioppo, attached as Exhibit A).

3. Both the plaintiff and the other student involved in the incident on 3/27/02 were given the equivalent discipline of a one day suspension each. (See Affidavit of Patric DelCioppo, attached as Exhibit A).

4. The administration of the Wolcott High School follows a student handbook which is distributed to all students and parents, listing offenses and a range of possible consequences. There is necessarily some narrow discretion or judgment by school officials (Id.).

5. According to the student handbook, either verbal or physical threats or harassment may lead to suspension. (Id.)

6. On March 27, 2002, the school security guard reported an incident in which the plaintiff yelled "I hate those fucking niggers" toward an African-American student, which student began advancing toward the plaintiff, but was held back by other students. When questioned by Mr. Del Cioppo (Assistant Principal), the plaintiff reported that she had made the aforesaid statement out of frustration, because the other student had harassed her on prior occasions and had pushed another student. (Id.)

7. Based on the school's policy, and after Mr. Del Cioppo had met with the Principal, Irene Turek, a judgment call was made by them; a decision to suspend the students (both) for one day. There was no apparent physical injury and there appeared to be no strong evidence to contradict the other student (Laurena Joyner's) contention that any physical contact which she was accused of committing in the crowded hallway, was accidental. (Id.)

8. The plaintiff's parents were advised of their appeal rights. Mr. Del Cioppo did not report the incident to the police because, as a school administrator, he had been trained by the police that in order to make an assault complaint (as to Laurena Joyner), he must have proof of an injury intended by the student. (Id.) He did report the alleged shoving (by Joyner) to the school resource officer (who would then be on notice in the event of future problems.) (Id.)

        DEFENDANTS, Patric DelCioppo, Irene D. Turek, Thomas M. Smyth, Jr. & Wolcott Board of Education

        By_____
        Jeffrey G. Schwartz
        LAW OFFICES OF SCOTT B. CLENDANIEL
        P.O. Box 2138
        Hartford, CT  06145-2138
        860-277-7480
        Federal Bar:  CT 00534

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on 2/13/06 to:

John R. Williams, Esq.
50 Elm Street
New Haven, CT  06510

        _____
        Jeffrey G. Schwartz

3